UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLINTON GREEN, SR.,

      Plaintiff,

v.                             CASE NO. 3:22-cv-659-TJC-MCR

ACTING I.R.S. COMMISSIONER,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court *sua sponte*.

On June 14, 2022, Plaintiff filed a Complaint against "Charles Rettig, Acting IRS Commissioner or [h]is replacement in office" and paid the filing fee. (Doc. 1.) On June 29, 2022, Plaintiff filed a correction to his Complaint to clarify the amount in controversy. (*See* Doc. 4.) On June 30, 2022, the undersigned entered an Order advising *pro se* Plaintiff of some procedural rules. (Doc. 5.) The Order stated in relevant part:

The first of the requirements with which Plaintiff must comply

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

are those regarding service of process on Defendant.  In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is required to perfect service "within 90 days after the complaint is filed." Fed.R.Civ.P. 4(m).  It is Plaintiff's responsibility to ensure compliance with Federal Rule 4(m) and all other applicable rules.  Plaintiff is informed that failure to timely perfect service of process may, under some circumstances, result in the dismissal of a case in its entirety.  *See* Fed.R.Civ.P. 4(m).

(Doc. 5 at 2.)

On September 19, 2022, Judge Corrigan entered an Order directing Plaintiff to demonstrate service of process on Defendant by October 14, 2022, or the case would be "subject to dismissal without prejudice for failure to prosecute." (Doc. 9 at 1.)  On October 3, 2022, Plaintiff moved for default against Defendant for failure to plead or otherwise defend based on "a legal summons filed June 14, 2022 and a proof of service on the same date." (Doc. 10 at 1.)  On October 7, 2022, after quoting the relevant parts of Rule 4(i) of the Federal Rules of Civil Procedure, the undersigned denied Plaintiff's motion for default, stating:

The docket reflects that a summons was issued by the Clerk of Court on June 14, 2022, but there is no proof of service on Defendant as required by Rule 4(i), Fed.R.Civ.P.  Pursuant to Judge Corrigan's Order, Plaintiff has until October 14, 2022 to demonstrate proper service of process on Defendant.  (Doc. 9 at 1.)  Plaintiff is reminded that if he does not demonstrate that he has served Defendant by October 14, 2022, this case will be subject to dismissal without prejudice for failure to prosecute.  (*Id.*)

(Doc. 11 at 1-2.)

On December 13, 2022, Plaintiff again moved for default against Defendant for failure to plead or otherwise defend based on the summons and proof of service dated June 14, 2022.  (Doc. 13.)  On January 4, 2023, the undersigned denied Plaintiff's motion for default because Plaintiff failed to show proper service pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  (Doc. 14.)  Further, since the deadline for service had passed, Plaintiff was directed to show cause in writing, on or before January 26, 2023, why this case should not be dismissed without prejudice for failure to serve Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (*Id.* at 2.)

Upon review of Plaintiff's Response (Doc. 15) to the Court's January 4, 2023 Order (Doc. 14), the undersigned entered an Order on January 30, 2023, giving Plaintiff "one last chance to show proper service on Defendant pursuant to Rule 4(i) of the Federal Rules of Civil Procedure."  (Doc. 16 at 1.) The Order stated:

> On or before February 28, 2023, Plaintiff shall demonstrate proper service on Defendant pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  Failure to do so will result in the dismissal of this case without further notice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

(*Id.* (emphasis omitted).)

On February 9, 2023, Plaintiff filed a Certificate of Service, stating that the Complaint, the correction thereto, and the summons were mailed to: (1)

the U.S. Attorney's Office in Jacksonville, Florida; (2) Charles P. Rettig, Commissioner, IRS in Washington, D.C.; and (3) the Internal Revenue Service in Washington, D.C. (Doc. 17.) However, Plaintiff has still not shown that Defendant has been properly served pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. Plaintiff has had several opportunities to perfect service of process in this case and has been warned, at least five times, that failure to perfect service of process and/or to comply with the Court's Orders may result in the dismissal of this action. Plaintiff was also advised in the Court's June 30, 2022 Order that he may consult with an attorney on a limited basis at no cost to him every Tuesday from 11:00 a.m. to 1:00 p.m., as part of the Legal Information Program of the Jacksonville Chapter of the Federal Bar Association. (Doc. 5 at 5-6.) It does not appear that Plaintiff has taken advantage of this program.

Based on the foregoing, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to perfect service of process and to comply with the Court's Orders, and that the Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on March 23, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Party